

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB - 3 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05CR-009-D |
| | § | |
| DAVID LEE HITT | § | |

## PLEA AGREEMENT

David Lee Hitt, Josh O. Ungerman, the defendant's lawyer, and the United States

of America (the government), agree as follows:

1.  **Rights of the defendant**:   Hitt understands that he has the rights

    a.      to plead not guilty;

    b.      to have a trial by jury;

    c.      to have his guilt proven beyond a reasonable doubt;

    d.      to confront and cross-examine witnesses and to call witnesses in his
            defense; and

    e.      against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**:   Hitt waives these rights and pleads

guilty to the offenses charged in Counts 1 and 5 of the Indictment, charging two

violations of 18 U.S.C. §7203, a misdemeanor, that is failure to file a personal income tax

return for the taxable years 1998 and 2002.  Hitt understands the nature and elements of

Plea Agreement-1

the crime to which he is pleading guilty, and agrees that the factual resume he has signed

is true and will be submitted as evidence.

3.     **Sentence**:  The maximum penalties the Court can impose on each count

include:

      a.     imprisonment for a period not to exceed one year;

      b.     a fine not to exceed $100,000, or twice any pecuniary gain to the defendant or loss to the victim;

      c.     a mandatory term of supervised release of not more than one year, must follow any term of imprisonment. If Hitt violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

      d.     a mandatory special assessment of $25 for each count for a total of $50.00;

      e.     restitution to victims or to the community, is not mandatory under the law, but Hitt agrees the Court may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

      f.     costs of incarceration and supervision.

4.     **Sentencing guidelines**: Hitt understands that the United States Supreme

Court has ruled that the sentencing guidelines are advisory.  Hitt further understands that

he has no right to be sentenced within any particular sentencing guideline range.

5.     **Court's discretion**:  Hitt understands that this plea agreement does not

create a right to be sentenced within, or below, any particular guideline range, and fully

understands that determination of the guideline range, as well as the actual sentence

Plea Agreement-2

imposed, (so long as it is within the statutory maximum), are solely in the discretion of the Court.

6.     **Fines, Restitution, Mandatory Special Assessment**:  Before sentencing, Hitt agrees to pay to the U.S. District Clerk the amount of $50.00, in satisfaction of the mandatory special assessments in this case.  Hitt agrees to cooperate with the Internal Revenue Service to accurately determine his civil tax liabilities, if any, and further agrees to pay any income tax amounts found to be due and owing.  Hitt agrees to make restitution to the United States for any tax due and owing.  He also agrees to make restitution to the United States for any tax due and owing as ordered by the court either as part of the sentence imposed and as a condition of supervised release.  Hitt and the government agree that this plea agreement calls for restitution to be paid by Hitt under the terms of *United States v. Stout*, 32 F.3d 901, 904 (5th Cir. 1994).  Nothing in this agreement will be construed as waiving or limiting the rights and remedies available to either Hitt or the United States under the statutes governing the collection of civil taxes, except to the extent noted regarding restitution.

7.     **Defendant's cooperation**:  Hitt shall cooperate with the government by giving truthful and complete information and testimony concerning his participation in the offense of conviction. Upon demand, Hitt shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the

Plea Agreement-3

Court of the extent of Hitt's cooperation.

8.    **Government's agreement**: The government will not bring any additional charges against Hitt based upon the conduct underlying and related to Hitt's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment.

9.    **Violation of agreement**: Hitt understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Hitt for all offenses of which it has knowledge. In such event, Hitt waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Hitt also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.    **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.    **Waiver of right to appeal or otherwise challenge sentence**: Hitt waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and

28 U.S.C. § 2255, on any ground, except claims of ineffective assistance of counsel. Hitt, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of his plea of guilty or this waiver.

    12.    **Representation of counsel**: Hitt has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Hitt acknowledges that his lawyer has explained each paragraph of this plea agreement and has made explanations satisfactory to him concerning each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Hitt has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

    13.    **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Plea Agreement-5

AGREED TO AND SIGNED this 22 day of _Feb_____, 2005.

RICHARD B. ROPER
UNITED STATES ATTORNEY

David Lee Hitt
Defendant

FLOYD CLARDY
Assistant United States Attorney
Texas State Bar No. 04268010
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel:  214.659.8600
Fax: 214.659.8803

JOSH O. UNGERMAN
Attorney for Defendant
Texas State Bar No. 20393150

MARK MCBRIDE
Deputy Criminal Chief

Plea Agreement-6

I have read this Plea Agreement and have carefully reviewed every part of it with my lawyer. I fully understand it and voluntarily agree to it.

David Lee Hitt                                         Date 2-2-05

I am the defendant's lawyer. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Josh O. Ungerman
Lawyer for Defendant                                   Date 2-2-05

Plea Agreement-7